UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **J&J SPORTS PRODUCTIONS, INC.,** | § § § | |
| Plaintiff, | § § | |
| v. | § § § | CIVIL ACTION NO. H-10-4892 |
| **SHAMAN MANAGEMENT GROUP, LP,** et al., | § § § § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion for Default Judgment against Shaman Management Group, LP (Doc. No. 7). The other remaining Defendant,[1] Joshua Weisman, has filed an Answer (Doc. No. 6). His liability has not yet been resolved, and trial is scheduled for April 2, 2012. The Court has entered default against Shaman Management Group. (Doc. No. 12.)

In the Fifth Circuit, there are three steps to obtaining a default judgment: (1) default, (2) entry of default, and (3) default judgment. *Pipe Wrap LLC v. P3 Indus. Techs., Inc.*, Civil Action No. H-08-0822, 2009 WL 2915921, at *2 (S.D. Tex. Aug. 31, 2009) (citing *New York Life Ins. Co. v. Brown,* 84 F.3d 137, 141 (5th Cir. 1996)).

> A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules. An entry of default is what the clerk enters when the default is established by affidavit or otherwise. After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a *default judgment.*

*Id.* (emphasis in original). Rule 55(a) provides that a clerk must enter a party's default when that party, against whom judgment is sought, has "failed to plead or otherwise defend, and that failure

---

[1] Plaintiff voluntarily dismissed its claims against another individual defendant, Phillip T. Harris. (Doc. No. 9.)

is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Depending on the nature of the damages and questions at issue, default judgment may then be entered by either a clerk or a court. Fed. R. Civ. P. 56(b)(1)–(2).

The Supreme Court has addressed the propriety of issuing a default judgment against one of several defendants where all defendants were charged with joint and several liability. In *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552 (1872), the appellant was one of several defendants charged with conspiracy to defraud. Appellant defaulted in the underlying case, but all other defendants timely appeared before the trial court. The trial court granted a final decree against the defaulting defendant, while the case continued against the other defendants. The Court stated:

> The true mode of proceeding where a bill makes a joint charge against several defendants, and one of them makes default, is simply to enter a default and a formal decree *pro confesso* against him, and proceed with the cause upon the answers of the other defendants. The defaulting defendant has merely lost his standing in court. He will not be entitled to service of notices in the cause, nor to appear in it in any way. He can adduce no evidence, he cannot be heard at the final hearing.

*Frow*, 82 U.S. (15 Wall.) at 554. From *Frow*, a general rule has developed that, when one of multiple defendants who is facing a joint liability action has defaulted, judgment should not be entered against him until the matter has been adjudicated as to all defendants, or all defendants have defaulted. *See* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2690 (3d ed. 1998). As the Court stated in *Frow*:

> [I]f the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike-the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all. But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal.

*Frow*, 82 U.S. (15 Wall.) at 554. "Although the rule developed in the [*Frow*] case applies when the liability is joint and several, it probably can be extended to situations in which several

2

defendants have closely related defenses." 10A Charles Alan Wright et al., Federal Practice and Procedure § 2690 (citing *Cuebas y Arredondo v. Cuebas y Arredondo,* 223 U.S. 376 (1912)); *see also United States ex rel. Hudson v. Peerless Ins. Co.,* 374 F.2d 942, 944, 945 (4th Cir. 1962) (applying *Frow* to joint and/or several liability as well as where co-defendants are alleged to be "closely interrelated"); *Lewis v. Lynn,* 236 F.3d 766, 768 (5th Cir. 2001) ("[I]t would be 'incongruous' and 'unfair' to allow some defendants to prevail, while not providing the same benefit to similarly situated defendants.").

Rule 54(b) of the Federal Rules of Procedure provides:

> [W]hen multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the . . . parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates . . . the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the . . . parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating . . . the rights and liabilities of all the parties.

Fed. R. Civ. P. 54(b). In the present case, there is "just reason" to delay an entry of default judgment against Shaman Management Group. The Complaint does not distinguish between the two Defendants in its statement of facts or in setting out Defendants' liability, except to note that Defendant Weisman is "jointly and severally liable for Defendants' actions and omissions." (Complaint, Doc. No. 1, ¶ 17.) In light of *Frow* and the alleged joint and several liability of the Defendants, the Court finds it proper to await a final ruling on the merits as to Defendant Weisman before entering judgment as to Shaman Management Group.

Accordingly, Plaintiff's Motion is **DENIED WITHOUT PREJUDICE** to refiling after the claims against Defendant Weisman have been adjudicated.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 12th day of March, 2012.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE